ORIGINAL

FILED
JUL 3 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

AXIOM RESOURCE MANAGEMENT, INC.

Plaintiff,

v.

THE UNITED STATES

Defendant.

CoFC No. 08-487 C
**BID PROTEST**

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

**COMES NOW** Plaintiff Axiom Resource Management, Inc. ("Axiom"), by and through undersigned counsel, and hereby protests the failure of the United States Department of Army (the "Army"), through its Contracting Officer, Daniel Signore, U.S. Army Medical Research Acquisition Activity, Fort Detrick, Maryland. By this filing Axiom asks that the Court enjoin the Army from continuing its failure to comply with the requirements of 48 C.F.R. Subparts 9.4. and 9.5 as well as the Army's construction of an unreasonable procurement timeline and proposal structure which creates an unequal competitive advantage favoring the incumbent contractor.

Specifically, the Government has improperly determined that Axiom is the subject of an organizational conflict of interest ("OCI") and has effectively debarred Axiom from submitting proposals to the Government for procurements under the TRICARE Evaluation, Analysis, and Management Support Program ("TEAMS"), Axiom Contract No. W81XWH-08-D-0024 multiple award contract (the "TEAMS Contract").

By this filing, and the accompanying Request for Temporary Restraining Order and Motion for Preliminary Injunction, immediately enjoining the Government from taking the actions described above and permit Axiom to fairly compete for task orders issued under the TEAMS Contract, or in the alternative enjoining the Army from employing the funds obligated to the performance of a contract to provide the services required under The TEAMS Contract, or any entity other than the Plaintiff for these services. Finally, Axiom also seeks its attorney's fees and its costs in bringing this action.

## Parties

1. Plaintiff Axiom is a corporation and whose principal office is located in Falls Church, Virginia. Axiom is engaged in the business of providing program management and professional services to Government and commercial clients worldwide.

2. The Defendant is the United States of America through the Department of the Army.

## Jurisdiction

3. Jurisdiction in this Court is based on the Tucker Act, 28 U.S.C. § 1491.

## Factual Assertions

4. Axiom brought a prior action protesting the failure of Army to comply with the terms of Request for Quotations No. 154160 (under Contract No. GS-10F-0065N) (the "Solicitation" or the "RFQ") and the requirements of the applicable statutes and regulations in the evaluation of Axiom's proposal submitted in response to the RFQ. See Axiom Resource Management, Inc. v. United States, 80 Fed. Cl. 530 (2008).

5. Specifically, although Axiom advised the Army of deficiencies in the agency's evaluation of Axiom's proposal after the initial contract award, the Army took no action to address these deficiencies and re-confirmed its award decision.

6. While the Army claimed to the Comptroller General that it intended to take corrective action including conducting further analysis with regard to the organizational conflict of interest ("OCI") identified by Axiom and issue a new source selection decision, the Army has simply ignored the problem and decided to go forward with the contract awarded to Lockheed Martin Federal Healthcare ("LMFH").

7. Such action was clearly improper because the awardee possessed an OCI, its alleged mitigation plan was inadequate, and there was a strong potential for future OCIs that the Government failed to consider or adequately address.

8. The Government twice claimed it was going to take corrective action to resolve the OCI issue; however, the record demonstrated that the Army utterly failed to understand the nature of the services being procured, the nature of the organization for which these services were to be provided, and the nature of the OCIs caused by the award to LMFH.

9. Additionally, the agency's failure raised the real possibility of future OCIs because of LMFH's performance of that contract.

10. In the prior protest Axiom sought an order enjoining the Government from taking the actions described above or in the alternative enjoining the Army from employing the funds obligated to the performance of a contract to provide the services required under Request for Quotations No. 154160 of any contract awarded to LMFH or any entity other than the Plaintiff for these services. Axiom also sought its attorney's fees and its costs in bringing that action.

11. The Court entered judgment in the prior protest on February 26, 2008 finding that the contracting officer's actions were arbitrary and capricious and enjoining the Government from exercising the option for work after July 18, 2008 under the contract awarded to LMFH. The Court also ruled that Axiom was entitled to seek its attorney's fees and request payment of its bid and proposal costs associated with this procurement.

12. The Government filed its Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") on April 29, 2008.

13. In the Prior RFQ and the TEAMS Contract the Army has described the nature of its organization and the potential of OCI's on the part of the offerors:

> TRICARE Management Activity (TMA) has categorized all its non-purchased care requirements into three broad categories, as defined below, for purposes of identifying, avoiding or mitigating against Organizational Conflicts of Interest (OCIs) in accordance with FAR Subpart 9.5. These categories are defined as follows:
>
> - Category 1: TMA Internal Support: Services which, by their very nature, give the Contractor access to extensive data about the contracts of all other TMA contractors.
>
> - Category 2: Program Management Support: Services which assist TMA in planning and managing its activities and programs. This includes, for example: requirements analysis, acquisition support, budget planning and management, business process reengineering, program planning and execution support, and independent technical management support.
>
> - Category 3: Product Support. Services or end items required to meet the mission requirements of TMA's non-purchased care activities and programs. This includes, for example: concept exploration and development; system design; system development and integration; COTS procurement and integration; internal development testing; deployment; installation; operations; and maintenance.
>
> Contractor participation in more than one of these areas may give rise to an unfair competitive advantage resulting from access to advance acquisition planning, source selection sensitive or proprietary information. Furthermore, contractor participation in more than one area may give rise

> to a real or apparent loss of contractor impartiality and objectivity where its advisory or planning assistance in one area potentially affects its present or future participation in another area.
>
> The purpose of this categorization is to accomplish the following three objectives: (1) to inform prospective Offerors that TMA presumes that award of a contract or order in the subject category will give rise to real or apparent OCIs with respect to requirements in the other two categories; (2) to assist current contractors and prospective Offerors in developing their own business strategies regarding participation in TMA requirements and in identifying and, where possible, avoiding or mitigating against OCIs; and (3) to ensure that all current contractors and prospective Offerors are afforded the maximum practicable opportunity to compete for all TMA requirements consistent with the restrictions required under FAR Subpart 9.5 and sound business practices.

RFQ PBSOW, ¶ 1.4.

14. Subsequently, on June 18, 2008, the Government announced its intention to seek proposals under TEAMS for the work currently being performed by Lockheed Martin ("LM") under the RFQ (the "TPOD/OGC procurement").

15. Additionally, on June 18, 2008, the Army's contracting officer for TEAMS, Dan Signore informed Axiom that he had identified Axiom as having OCI allegedly relating to the fact that one of the principals of Axiom (a Category 2 contractor), Kevin Riley, is married to Barbara Kinosky, one of the principals of Centre Consulting ("Centre") who Signore inaccurately claims is performing Category 1 work as a subcontractor to a company called Intellidyne. Mr. Signore has taken this action despite the fact that upon information and belief similarly situated contractors have not been identified as being subject to an OCI and excluded from procurements under TEAMS.

16. As a result, Mr. Signore asserted that Axiom would not receive any future TEAMS RFPs and that Axiom would only be permitted to bid on TPOD/OGC procurement while the Court's order, dated February 26, 2008, remained in effect.

17. Axiom has subsequently learned that Mr. Signore has specifically excluded Axiom from bidding on several new procurements issued under TEAMS. Additionally, the Government informed the Court on July 3, 2008 that the TPOD/OGC procurement is a limited competition between LM and Axiom which in reality is a sole source award to LM based on Mr. Signore's decision to find that Axiom is ineligible for award.

18. Axiom filed a protest of this exclusion with the Government Accountability Office ("GAO") on June 27, 2008; however, Axiom intends to withdraw its suit at the GAO upon the filing of this action.

19. The Federal Acquisition Regulation ("FAR") sets forth specific guidelines and procedures which a Government agency must follow before it can suspend or debar a contractor from doing business with the Government. See 48 CFR § 9.406-3.

20. Despite these requirements Axiom has never been afforded an opportunity to address the Government's alleged concerns about the supposed OCI between Axiom and Centre nor has the Government performed the necessary actions to levy such a sanction on Axiom. Rather, the Government has announced an alleged and supposed OCI on the part of Axiom in order to effectively debar Axiom from further TEAMS procurements.

21. Even if the Government has identified a potential OCI on Axiom's part the resolution is not to debar (*de facto* or *de jure*) Axiom from TEAMS; instead, Axiom should be permitted to submit proposals and address the OCI or propose potential mitigation plans which would then be evaluated by the contracting officer.

22. As to the Government's unprecedented action in moving up the due date for proposal submission from July 7, 2008 to June 30, 2008 in the TPOD/OGC procurement, this action has

the effect of providing the incumbent contractor, Lockheed Martin, with an overwhelming competitive advantage over the other offerors.

23. The Government also provided the incumbent contractor, Lockheed Martin, a prohibitive competitive advantage, in the TPOD/OGC procurement, by limiting the length of technical proposals to only 20-pages (excluding past performances and resumes). The work supported by the TPOD/OGC contract supports over $35 billion in defense procurement. A non-incumbent challenger could not possibly describe a comprehensive technical approach to this work in such a small amount of space. The Government established a 25-page limit for 2006 proposals on this same work.

24. To make matters worse, when Axiom submitted a question asking where the proposal's Quality Control Plan should be placed, the Government replied that this Quality Control Plan information should be provided *within the already-impractical 20-page limit*. In virtually all solicitations Axiom has received for TEAMS work in 2008, the QCP was to be provided by vendors in an appendix, as a non-page limited item. These factors, taken together, provide the incumbent Lockheed with a prohibitive competitive advantage over Axiom.

**Count I**

(Violation of 48 CFR Sub-Parts 9.4 and 9.5)

25. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 24 above.

26. The FAR sets forth specific guidelines and procedures which a Government agency must follow before it can suspend or debar a contractor from doing business with the Government. See 48 CFR § 9.406-3.

27. Despite these requirements Axiom has never been afforded an opportunity to address the Government's alleged concerns about the supposed OCI between Axiom and Centre nor has the Government performed the necessary actions to levy such a sanction on Axiom. Rather, the Government has announced an alleged and supposed OCI on the part of Axiom in order to effectively debar Axiom from further TEAMS procurements.

28. Even if the Government has identified a potential OCI on Axiom's part the resolution is not to debar (*de facto* or *de jure*) Axiom from TEAMS; instead, Axiom should be permitted to submit proposals and address the OCI or propose potential mitigation plans which would then be evaluated by the contracting officer.

29. Plaintiff respectfully requests that the Court enjoin the Army from permitting performance of any contract under the TEAMS Contract including the TPOD/OGC procurement for which the Army alleges that Axiom has an unresolved OCI relating to the relationship of Mr. Riley and Ms. Kinosky. Or in the alternative enjoining the Army from employing the funds obligated to the performance of any contract awarded to any entity other than Axiom for any services sought under the TEAMS Contract including in the TPOD/OGC procurement for which the Army alleges that Axiom has an unresolved OCI relating to the relationship of Mr. Riley and Ms. Kinosky. That in any event Axiom be awarded its reasonable costs and attorneys' fees, and such further relief as is determined just and fair.

**Count II**

(The Army's Violation of its Implied Duty of Good Faith and Fair Dealing)

30. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 99 above.

31. The FAR sets forth specific guidelines and procedures which a Government agency must follow before it can suspend or debar a contractor from doing business with the Government. See 48 CFR § 9.406-3.

32. Despite these requirements Axiom has never been afforded an opportunity to address the Government's alleged concerns about the supposed OCI between Axiom and Centre nor has the Government performed the necessary actions to levy such a sanction on Axiom. Rather, the Government has announced an alleged and supposed OCI on the part of Axiom in order to effectively debar Axiom from further TEAMS procurements.

33. Even if the Government has identified a potential OCI on Axiom's part the resolution is not to debar (*de facto* or *de jure*) Axiom from TEAMS; instead, Axiom should be permitted to submit proposals and address the OCI or propose potential mitigation plans which would then be evaluated by the contracting officer.

34. By its arbitrary and capricious decision to ignore the requirements of FAR Sub-parts 9.4 and 9.5, the Army has breached its duty of good faith and fair dealing it owed to Axiom as an offer under the TEAMS Contract.

35. Based on these circumstances the Army's actions are not justified and the Plaintiff's protest should be sustained.

36. Plaintiff respectfully requests that the Court enjoin the Army from permitting performance of any contract under the TEAMS Contract including the TPOD/OGC procurement for which the Army alleges that Axiom has an unresolved OCI relating to the relationship of Mr. Riley and Ms. Kinosky. Or in the alternative enjoining the Army from employing the funds obligated to the performance of any contract awarded to any entity other than Axiom for any services sought under the TEAMS Contract including in the TPOD/OGC procurement for which

the Army alleges that Axiom has an unresolved OCI relating to the relationship of Mr. Riley and Ms. Kinosky. That in any event Axiom be awarded its reasonable costs and attorneys' fees, and such further relief as is determined just and fair.

**Count III**

(Improper Competitive Restrictions)

37. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 36 above.

38. As to the Government's unprecedented action in moving up the due date for proposal submission from July 7, 2008 to June 20, 2008, this action has the effect of providing the incumbent contractor, Lockheed Martin, with an overwhelming competitive advantage over the other offerors.

39. While an agency generally has the right to manage its procurements in the manner it sees fit, where the agency's actions lack a reasonable basis the Comptroller General will overturn the agency's judgment.

40. The Government also provided the incumbent contractor, Lockheed Martin, a prohibitive competitive advantage by limiting the length of technical proposals to only 20-pages (excluding past performances and resumes). The work supported by the TPOD/OGC contract supports over $35 billion in defense procurement. A non-incumbent challenger could not possibly describe a comprehensive technical approach to this work in such a small amount of space. The Government established a 25-page limit for 2006 proposals on this same work.

41. To make matters worse, when Axiom submitted a question asking where the proposal's Quality Control Plan should be placed, the Government replied that this Quality

Control Plan information should be provided *within the already-impractical 20-page limit.* In virtually all solicitations Axiom has received for TEAMS work in 2008, the QCP was to be provided by vendors in an appendix, as a non-page limited item. These factors, taken together, provide the incumbent Lockheed with a prohibitive competitive advantage over Axiom.

42. Here the agency has known that it needed to procure the services represented by the TPOD/OGC procurement in February 2008. Despite this knowledge the Army waited until June 18, 2008 to seek proposals for this work. By giving the offerors twelve (12) days to respond improperly weights the procurement to the advantage of the incumbent.

43. Plaintiff respectfully requests that the Court enjoin the Army from permitting performance of any contract under the TEAMS Contract including the TPOD/OGC procurement until the Army creates and equal competitive environment for all offerors and in any event Axiom be awarded its reasonable costs and attorneys' fees, and such further relief as is determined just and fair.

## Relief Requested

**WHEREFORE** Plaintiff respectfully requests a judgment against the United States of America and further requests:

1. That the Court enjoin the Army from permitting performance of any contract under the TEAMS Contract including the TPOD/OGC procurement for which the Army alleges that Axiom has an unresolved OCI relating to the relationship of Mr. Riley and Ms. Kinosky.

2. Or in the alternative enjoining the Army from employing the funds obligated to the performance of any contract awarded to any entity other than Axiom for any services sought under the TEAMS Contract including in the TPOD/OGC procurement for which the Army

alleges that Axiom has an unresolved OCI relating to the relationship of Mr. Riley and Ms. Kinosky.

3. That in any event Axiom be awarded its reasonable costs and attorneys' fees, and such further relief as is determined just and fair.

Respectfully submitted,

Date: 7/3/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Axiom Resource Management, Inc.