**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | | |
|---|---|---|
| AXIOM RESOURCE MANAGEMENT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | No. 08-487 C |
| Defendant, | ) | (Judge Braden) |
| | ) | |
| and | ) | |
| | ) | |
| LOCKHEED MARTIN FEDERAL HEALTHCARE, INC. | ) | |
| | ) | |
| Movant for Intervention. | ) | |

**LOCKHEED MARTIN'S MOTION TO INTERVENE**

Pursuant to RCFC 24, Lockheed Martin Federal Healthcare, Inc. ("Lockheed Martin") respectfully requests that it be permitted to intervene in this bid protest.

**1.** In this bid protest, Axiom Resource Management, Inc. ("Axiom") challenges the actions of the Contracting Officer at the U.S. Army Medical Research Acquisition Activity in determining that Axiom is the subject of an Organizational Conflict of Interest ("OCI") with respect to TRICARE Evaluation, Analysis, and Management Support ("TEAMS") Program procurements. Axiom has identified this case as a related case to Court of Federal Claims Case No. 07-532C, in which this Court granted Lockheed Martin's motion to intervene.

**2.** Lockheed Martin should be permitted to intervene in this action as a matter of right. RCFC 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

Lockheed Martin is clearly an "interested party" for purposes of that Rule, as well as under the applicable jurisdictional statute, 28 U.S.C. § 1491(b)(1). Generally, parties "whose direct economic interest would be affected by the award of the contract or by failure to award the contract" qualify as interested parties and are permitted to intervene in bid protests under RCFC 24. *Galen Med. Assocs., Inc. v. United States*, 56 Fed. Cl. 104, 108 (2003) (quoting *American Fed. of Gov't Employees v. United States*, 258 F.3d 1294, 1299-1302 (Fed. Cir. 2001)). In this case, Axiom seeks to enjoin the Army from permitting performance under the TEAMS contract, and it alleges that the TRICARE Policy and Operations Directorate/Office of General Counsel procurement is a limited competition between Lockheed Martin and Axiom. Lockheed Martin's economic interest in this case is therefore clear.

As the Federal Circuit has explained, "the requirements for intervention are to be construed in favor of intervention." *American Mar. Transport, Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989). Indeed, the liberal construction of Rule 24(a)(2) stems from its focus on practicality, a focus that itself was a reaction to the narrower, original, version of the Rule. *See Northrop Grumman Info. Tech. v. United States*, 74 Fed. Cl. 407, 412 (2006).

Although the Department of Justice will presumably defend the CO's actions at issue in this bid protest in a zealous manner, Lockheed Martin is in the best position to describe to the Court the harm Lockheed Martin will suffer in the event the Court enjoins performance under the TEAMS contract. Moreover, Lockheed Martin's business interests are not necessarily identical with, and may differ from, the United States' institutional interest in this matter.

**3.** Lockheed Martin's application for intervention is timely. In evaluating timeliness, the Court should consider (1) the length of time during which the movant/intervenor knew (or reasonably should have known) of its rights; (2) potential prejudice to the existing parties; and (3) whether unusual circumstances "militat[e] either for or against a determination that the application is timely." *Belton Indus., Inc. v. U.S.*, 6 F.3d 756, 762 (Fed. Cir. 1993). Axiom's protest was filed only 5 days ago, on July 3, 2008.

Permitting Lockheed Martin to intervene to protect its rights and interests will not prejudice the existing parties in any meaningful way. Lockheed Martin currently intends to protect its rights as intervenors generally do in bid protests before the Court, *i.e.*, to file briefs and make arguments in tandem with the government. Axiom's interest will not be harmed any more than the typical plaintiff in a bid protest action, who must litigate against aligned parties.

**4.** Lockheed Martin seeks to intervene so that its counsel can defend movant/intervenor's interests at issue in this lawsuit. For the reasons explained

above, Lockheed Martin respectfully urges the Court to grant its motion to intervene at this time.

Respectfully submitted,

s/ Marcia G. Madsen

MARCIA G. MADSEN
MAYER BROWN LLP
1909 K Street, NW
Washington, D.C. 20006
(202) 263-3000
(202) 263-3300 Facsimile

Of Counsel:

LUKE LEVASSEUR
ROBERT L. BRONSTON
MAYER BROWN LLP
Washington, D.C.
*Counsel for Movant/ Intervenor, Lockheed Martin Federal Healthcare, Inc.*

July 8, 2008