**Todor, John (CIV)**

**From:** Signore, Dan R Mr USAMRAA [daniel.signore@us.army.mil]
**Sent:** Wednesday, June 25, 2008 11:36 AM
**To:** 'Riley, Kevin'
**Cc:** 'Hill, Russell'
**Subject:** Axiom Apparent OCI (UNCLASSIFIED)
**Signed By:** There are problems with the signature. Click the signature button for details.

Classification: **UNCLASSIFIED**
Caveats: NONE

Dear Mr. Riley,
A "conflict of interest" is a personal interest or relationship, as defined by law or regulation, that conflicts with the faithful performance of official duty. The financial interests of spouses are considered as one. There is an inherent bias when dealing with the financial interests of a spouse. When this spousal relationship of two principals is taken into context of the TMA Organizational Conflict of Interest (OCI) categories, this spousal bias becomes an OCI whenever an OCI category 1 contractor / subcontractor has a personal interest or relationship with an OCI category 2 or 3 contractor. TMA and USAMRAA have been consistent in its administration of OCI category 1. Category 1 work is mutually exclusive from category 2 and 3 work because of the unlimited (enterprise-wide) access to information that category 1 possesses. Category 1 Services, by their very nature, give the contractor access to extensive data about the contracts of all other TMA contractors.

Allow me to quote the declaration of Nancy R. Adams (a consultant hired by Axiom): "*Para. 10. There is another unique element of TMA that should be considered. TMA is a small organization with less than 400 people. TMA has many long term employees who are* ***married couples****. There is the* ***potential for conflict of interest because of intimate relationships*** *as well as interpersonal relationships which go back more than a decade.*" It is obvious that your own "expert" on the subject considers "married couples" or "intimate relationships" a potential for conflict of interest.

The TEAMS OCI certification, signed by your company, certified that your company did not posses any of the following:

- Does the Offeror or any intended subcontractors, teaming partners, proposed employees, or **affiliates** have **Unequal Access to Information**? Would award to the Offeror result in the Offeror having the **opportunity to access nonpublic information** that **may give the Offeror a competitive advantage** in a later competition for a government contract? Specifically, will the Offeror/Contractor have **access to any of the following information**:
  - **Budget(s), or Budget Information**?
  - **Acquisition Sensitive Information related to the procurement process** to include, but not limited to Acquisition Plans, Requirements, Statements of Work, or Evaluation Criteria?

- Does the Offeror or any intended subcontractors, teaming partners, proposed employees, or **affiliates** have "***impaired objectivity***" because the Offeror's ability to render impartial judgments may be compromised because of its conflicting role(s) on this effort and other government contracts?
- Do "***biased ground rules***" exist? Most commonly, this would include a situation where the Offeror has, as a government contractor, written specifications or a statement of work for this effort, which could skew competition in favor of itself?
- Is the Offeror aware of **any other information relating to this proposed contract/order, which could reasonably be construed as creating an OCI**?

You have noted in your e-mail, dated June 19, 2008, that Axiom is now willing to submit a mitigation plan. If it is possible for you to better explain your view of the specific facts, and why you believe there is no OCI, or if there is, why any potential OCI can be avoided or mitigated, this would provide the Government an opportunity to review the facts, and make a proper determination of Axiom's future eligibility to propose for Category 2 work. In keeping with USAMRAA and TMA policy and guidance, I believe that this is a fair solution. Please be advised that decision and responsibility is clearly that of the Contracting Officer, and the burden of proof to mitigate this apparent OCI rests solely with Axiom.

It is my intention to have your mitigation plan given a fair and impartial review, first by TMA program personnel, second by the acquisition management team, and lastly by legal counsel before I render a final decision to allow or disallow Axiom to participate in future Category 2 work.

It is not, nor ever would be, my intent to restrict competition. However, I need not over-emphasize the OCI rules that have been consistently applied in TMA acquisitions to avoid any competitive or potential competitive advantage any offeror may have for future contract work. I look forward to receipt of your mitigation response.

Sincerely,

*Daniel R. Signore*
Contracting Officer / Account Manager
U.S. Army Medical Research Acquisition Activity
820 Chandler Street
Fort Detrick, MD 21702
Phone:301-619-7423

Classification: **UNCLASSIFIED**
Caveats: NONE