# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AXIOM RESOURCE MANAGEMENT, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant. | CoFC No. 08-487C<br>**BID PROTEST**<br>(JUDGE BRADEN) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SUPPLEMENT THE RECORD

**COMES NOW** the Plaintiff Axiom Resource Management, Inc. ("Axiom"), by and through undersigned counsel, and hereby files this Memorandum in Support of Plaintiff's Second Motion to Supplement the Record in this matter. By its Motion Axiom seeks to supplement the record with the enclosed Notice of Award under the TRICARE Evaluation, Analysis, and Management Support Program ("TEAMS"), called the TPOD/OGC procurement, to Lockheed Martin ("LM") of the work currently being performed by LM which was the subject of prior litigation before the Court. Axiom Resource Management, Inc. v. United States, 80 Fed. Cl. 530 (2008). Axiom requests this relief because the Plaintiff believes that this document is necessary for the Court to have a complete understanding of the issues in dispute in this matter and it is a relevant part of the record here.

## I. Factual Background

On June 18, 2008, the Government announced its intention to seek proposals, the TPOD/OGC procurement, under TEAMS for work currently being performed by Lockheed

Martin ("LM") under Request for Quotations No. 154160 (under Contract No. GS-10F-0065N) (the "Solicitation" or the "RFQ"). The Army's award under the RFQ was the subject of prior litigation before this Court. See Axiom Resource Management, Inc. v. United States, 80 Fed. Cl. 530 (2008).

Additionally, on June 18, 2008, the Army's contracting officer for TEAMS, Dan Signore, informed Axiom that he had identified Axiom as having an alleged OCI relating to the fact that one of the principals of Axiom (a Category 2 contractor), Kevin Riley, is married to Barbara Kinosky, one of the principals of Centre Consulting ("Centre") who Signore inaccurately claims is performing Category 1 work as a subcontractor to a company called Intellidyne under an indefinite delivery/indefinite quantity ("ID/IQ") vehicle called TAARMS. Agency Report ("AR"), Tab 9.

At a status conference in this matter on July 8, 2008, the Government informed the Court that it intended to make an award in the TPOD/OGC procurement on July 14, 2008. According to the Notice of Award which Axiom proffers for inclusion in the record here, the Army actually made this award on July 11, 2008.

## II. Argument

This Court has identified the following analysis which it will use in considering "extra-record" evidence:

> (1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National

> Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

See Vantage Associates, Inc. v. U.S., 59 Fed. Cl. 1 at 13 (2003) *citing* Esch v. Yeutter, 876 F.2d 976, 991 (D.C.Cir 1989). In applying the standard first articulated in Esch, this Court has stated where the parties will file or have filed cross motions for judgment on the record under CFCR 56.1 information outside of the administrative record may be considered by the Court by stipulation or by order of the Court. See RCFC 56.1(a); see also ABF Freight System, Inc. v. United States, 55 Fed. Cl. 392, 395 (2003); Rust Constructors, Inc. v. United States, 49 Fed. Cl. 490, 493 (2001). Additionally, parties may supplement the administrative record in certain limited situations to "preserve a meaningful judicial review." North Carolina Div of Servs. For the Blind v. United States, 53 Fed. Cl. 147, 158 (2002) *aff'd,* 60 Fed. Appx. 826 (Fed. Cir. 2003); see also Aero Corp., S.A. v. United States, 38 Fed. Cl. 408, 411 (1997).

The Court has also stated that it will allow the administrative record to be supplemented when to do so will "help explain an agency's decision and thereby facilitate meaningful judicial review of the agency decision, particularly when a subjective value judgment has been made but not explained." Orion Intern. Technologies v. United States, 60 Fed.Cl. 338, 343 (Fed. Cl. 2004); see also Blue & Gold Fleet L.P. v. United States, --- Fed.Cl. ---, 2006 WL 979277 (Fed.Cl. 2006) *citing* Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324, 1333 (Fed.Cir. 2001)(Administrative record may be supplemented where "required for meaningful judicial review"); Al Ghanim Combined Group Co. Gen. Trad. & Cont. W.L.L. v. United States, 56 Fed.Cl. 502, 508 (Fed. Cl. 2003) (Allowing supplementation of "evidence without which the court cannot fully understand the issues"). Finally, this document clearly falls within the ambit of Esch factor 8 given the current status of this litigation and the Government's representations to the Court.

**WHEREFORE** Plaintiff respectfully requests that the Court issue an order supplementing the record with the referenced Notice of Award.

Respectfully submitted,

Date: 7/11/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St., Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Axiom Resource Management, Inc.