**Todor, John (CIV)**

**From:** Alex_McBride@ao.uscourts.gov

**Sent:** Friday, July 11, 2008 3:54 PM

**To:** delsordo@arguslawfirm.com; Todor, John (CIV); mgmadsen@mayerbrownrowe.com

**Subject:** From Judge Braden...

Please forward this to the parties.

1. I wanted the parties to be mindful that I denied Axiom's Motion for a TRO during the telephone conference earlier this week and will issue a written order to that effect today or Monday at the latest. Since the Gov't has taken no award action regarding the June 18, 2008 "revised" program support solicitation, Axiom's July 3, 2008 filing is premature, to the extent it is a bid protest alone. As I read the filing, however, it could be construed to protest the initial (pre-Feb) TEAMS Solicitation, allege a violation of the CICA (although the filing does not specifically cite that statute), a (pre-mature) bid protest, and separate breach of contract action.

2. In order for the court to ascertain whether it has jurisdiction over any action the Gov't may award on Monday, the court must determine whether the Feb. 1 "TEAMS CONTRACT" is, in fact, a contract at law, enforceable by both parties and whether the June 18th document is a lawful "Task Order." The February 1 document was issued in response to a prior solicitation or notice by the Government and a filing by the nominal "awardees." None of these documents are in the Administrative Record and should be produced by Monday. If the Feb. 1 document is a contract in law and the June 18th document is a valid TASK ORDER, Axiom nevertheless has a breach of contract claim at a minimum. Accordingly, it would be premature to dismiss the July 3 filing or to rule on Axiom's pending motion to depose the CO. (Presumably, if Axiom has a cognizable breach of contract claim it will require other document discovery as well as depositions of the CE and others mentioned in some of the e-mails produced in the Administrative Record.) Therefore, when the court denies the TRO the court will deny the expedited motion to depose the CO. Of course, Axiom can re-file those motions down the road, if they wish. If this matter proceeds, however, the court will promptly require Axiom to amend the existing Complaint so that each of its potential causes of action are plainly and properly identified and tied to a statute or regulation. Depending on where we are after Monday, this needs to be done ASAP.

3. Finally, in beginning to research some of the issues relevant to this matter, I came across a recent June 3, 2008 GAO Decision in Superlative Technologies that the parties should review.

Judge Braden

Mr. Alex McBride
Law Clerk to the Honorable Susan G. Braden
United States Court of Federal Claims
Telephone: (202) 357-6518
Facsimile: (202) 357-6522