IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AXIOM RESOURCE MANAGEMENT, INC.<br>Plaintiff,<br>v.<br>THE UNITED STATES<br>Defendant. | CoFC No. 08-487<br>(Judge Braden)<br>**BID PROTEST** |

**AMENDED COMPLAINT FOR INJUNCTIVE**
**AND DECLARATORY RELIEF**

**COMES NOW** Plaintiff Axiom Resource Management, Inc. ("Axiom"), by and through undersigned counsel, and in accordance with CFCR 15(a), hereby presents its Amended Complaint in this matter. By this action Axiom objects to the actions of the United States Department of Army (the "Army"), through its Contracting Officer, Daniel Signore, U.S. Army Medical Research Acquisition Activity, Fort Detrick, Maryland, concerning that agency's award of a contract to Lockheed Martin Service, Inc. ("LMSI") under the TRICARE Evaluation, Analysis, and Management Support Program ("TEAMS") in the face of the Army's continuing failure to comply with the requirements of 48 C.F.R. Subpart 9.5.

Specifically, the Army has failed to address the organizational conflict of interest ("OCI") identified by the Court in a prior proceeding and has proceeded to re-award the work at issue in that prior proceeding to the entity, Lockheed Martin Federal Healthcare ("LMFH"), with the identified unmitigated OCI in violation of the Federal Acquisition Regulation ("FAR"). In the

prior proceeding the Court entered an order enjoining the Government from exercising the option for work after July 18, 2008 under the contract awarded to LMFH.

By this filing, and the accompanying Amended Motion for Preliminary Injunction, Axiom seeks an order from the Court enjoining the Government from taking the actions described above and require the Army to properly resolve the OCI associated with this procurement. Finally, Axiom also seeks its attorney's fees and its costs in bringing this action.

## Parties

1. Plaintiff Axiom is a corporation whose principal office is located in Falls Church, Virginia. Axiom is engaged in the business of providing program management and professional services to Government and commercial clients worldwide.

2. The Defendant is the United States of America through the Department of the Army.

## Jurisdiction

3. Jurisdiction in this Court is based on the Tucker Act, 28 U.S.C. § 1491.

## Factual Assertions

4. Axiom brought a prior action protesting the failure of Army to comply with the terms of Request for Quotations No. 154160 (under Contract No. GS-10F-0065N) (the "Solicitation" or the "RFQ") and the requirements of the applicable statutes and regulations in the evaluation of Axiom's proposal submitted in response to the RFQ. See Axiom Resource Management, Inc. v. United States, 80 Fed. Cl. 530 (2008).

5. Specifically, although Axiom advised the Army of deficiencies in the agency's evaluation of Axiom's proposal after the initial contract award, the Army took no action to address these deficiencies and re-confirmed its award decision.

6. While the Army claimed to the Comptroller General that it intended to take corrective action including conducting further analysis with regard to the OCI identified by Axiom and issue a new source selection decision, the Army has simply ignored the problem and decided to go forward with the contract awarded to LMFH.

7. Such action was clearly improper because the awardee possessed an OCI, its alleged mitigation plan was inadequate, and there was a strong potential for future OCIs that the Government failed to consider or adequately address.

8. The Government twice claimed it was going to take corrective action to resolve the OCI issue; however, the record demonstrated that the Army utterly failed to understand the nature of the services being procured, the nature of the organization for which these services were to be provided, and the nature of the OCIs caused by the award to LMFH.

9. Additionally, the agency's failure raised the real possibility of future OCIs because of LMFH's performance of that contract.

10. In the prior protest Axiom sought an order enjoining the Government from taking the actions described above or in the alternative enjoining the Army from employing the funds obligated to the performance of a contract to provide the services required under Request for Quotations No. 154160 of any contract awarded to LMFH or any entity other than the Plaintiff for these services. Axiom also sought its attorney's fees and its costs in bringing that action.

11. The Court entered judgment in the prior protest on February 26, 2008 finding that the contracting officer's actions were arbitrary and capricious and enjoining the Government from

exercising the option for work after July 18, 2008 under the contract awarded to LMFH. The Court also ruled that Axiom was entitled to seek its attorney's fees and request payment of its bid and proposal costs associated with this procurement.

12. The Government filed its Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") on April 29, 2008.

13. In the Prior RFQ and the TEAMS Contract the Army has described the nature of its organization and the potential of OCI's on the part of the offerors:

> TRICARE Management Activity (TMA) has categorized all its non-purchased care requirements into three broad categories, as defined below, for purposes of identifying, avoiding or mitigating against Organizational Conflicts of Interest (OCIs) in accordance with FAR Subpart 9.5. These categories are defined as follows:
>
> - Category 1: TMA Internal Support: Services which, by their very nature, give the Contractor access to extensive data about the contracts of all other TMA contractors.
>
> - Category 2: Program Management Support: Services which assist TMA in planning and managing its activities and programs. This includes, for example: requirements analysis, acquisition support, budget planning and management, business process reengineering, program planning and execution support, and independent technical management support.
>
> - Category 3: Product Support. Services or end items required to meet the mission requirements of TMA's non-purchased care activities and programs. This includes, for example: concept exploration and development; system design; system development and integration; COTS procurement and integration; internal development testing; deployment; installation; operations; and maintenance.
>
> Contractor participation in more than one of these areas may give rise to an unfair competitive advantage resulting from access to advance acquisition planning, source selection sensitive or proprietary information. Furthermore, contractor participation in more than one area may give rise to a real or apparent loss of contractor impartiality and objectivity where its advisory or planning assistance in one area potentially affects its present or future participation in another area.

> The purpose of this categorization is to accomplish the following three objectives: (1) to inform prospective Offerors that TMA presumes that award of a contract or order in the subject category will give rise to real or apparent OCIs with respect to requirements in the other two categories; (2) to assist current contractors and prospective Offerors in developing their own business strategies regarding participation in TMA requirements and in identifying and, where possible, avoiding or mitigating against OCIs; and (3) to ensure that all current contractors and prospective Offerors are afforded the maximum practicable opportunity to compete for all TMA requirements consistent with the restrictions required under FAR Subpart 9.5 and sound business practices.

RFQ PBSOW, ¶ 1.4.

14. Subsequently, on June 18, 2008, the Government announced its intention to seek proposals under TEAMS for the work currently being performed by LMFH under the RFQ (the "TPOD/OGC procurement").

15. The contracting officer has stated that only the current contractor LMFH and Axiom would be solicited for the TPOD/OGC procurement.

16. Axiom does not know the relationship between LMFH and LMSI; however, the contracting officer has stated that they are the same entity; therefore, upon information and belief the OCI identified by the Court in the prior proceeding is still extant and has not been resolved.

17. Additionally, on June 18, 2008, the Army's contracting officer for TEAMS, Dan Signore informed Axiom that he had identified Axiom as having OCI allegedly relating to the fact that one of the principals of Axiom (a Category 2 contractor), Kevin Riley, is married to Barbara Kinosky, one of the principals of Centre Consulting ("Centre") who Signore inaccurately claims is performing Category 1 work as a subcontractor to a company called Intellidyne. Mr. Signore has taken this action despite the fact that upon information and belief similarly situated contractors have not been identified as being subject to an OCI and excluded from procurements under TEAMS.

18. As a result, Mr. Signore asserted that Axiom would not receive any future TEAMS RFPs and that Axiom would only be permitted to bid on TPOD/OGC procurement while the Court's order, dated February 26, 2008, remained in effect.

19. On July 16, 2008, Mr. Signore announced that the alleged Axiom OCI has been resolved, and Mr. Signore has eliminated any restrictions on Axiom's participation in the TEAMS program.

20. On July 11, 2008, the Army announced the award of the TPOD/OGC work to LMSI. Upon information and belief LMSI and LMFH are one entity and the OCI identified as to LMFH is attributable to LMSI.

21. Upon information and belief the award of the TPOD/OGC work to Lockheed Martin under the TEAMS program was made without any meaningful resolution of the previously identified OCI.

**Count I**

(Violation of 48 CFR Sub-Part 9.5)

22. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 21 above.

23. It is a violation of FAR §§ 9.504(a)&(e) and an abuse of discretion for the contracting officer to not identify and analyze a potential unequal access to information conflict of interest and award a contract the affected contractor without developing a mitigation plan that does not afford the affected contractor any significant competitive advantages, is enforceable, and otherwise does not impose any anticompetitive effects on future competition.

24. Here the award of the TPOD/OGC work to Lockheed Martin under the TEAMS program without a meaningful resolution of the previously identified OCI is unreasonable and inconsistent with the FAR requirements.

25. Plaintiff respectfully requests that the Court enjoin the Army from permitting performance of any contract under the TEAMS Contract including the TPOD/OGC procurement until there has been a resolution of the Lockheed Martin OCI or the performance of a new procurement which resolves the identified OCI. That in any event Axiom be awarded its reasonable costs and attorneys' fees, and such further relief as is determined just and fair.

## **Count II**

(The Army's Violation of its Implied Duty of Good Faith and Fair Dealing)

26. Plaintiff incorporates by reference the allegations presented in paragraphs 1 to 25 above.

23. It is a violation of FAR §§ 9.504(a)&(e) and an abuse of discretion for the contracting officer to not identify and analyze a potential unequal access to information conflict of interest and award a contract the affected contractor without developing a mitigation plan that does not afford the affected contractor any significant competitive advantages, is enforceable, and otherwise does not impose any anticompetitive effects on future competition.

24. Here the award of the TPOD/OGC work to Lockheed Martin under the TEAMS program without a meaningful resolution of the previously identified OCI is unreasonable and inconsistent with the FAR requirements.

25. Plaintiff respectfully requests that the Court enjoin the Army from permitting performance of any contract under the TEAMS Contract including the TPOD/OGC procurement

until there has been a resolution of the Lockheed Martin OCI or the conduct of a new procurement which resolves the identified OCI. That in any event Axiom be awarded its reasonable costs and attorneys' fees, and such further relief as is determined just and fair.

**Relief Requested**

**WHEREFORE** Plaintiff respectfully requests a judgment against the United States of America and further requests:

1. That the Court enjoin the Army from permitting performance of any contract under the TEAMS Contract including the TPOD/OGC procurement until there has been a resolution of the Lockheed Martin OCI or the conduct of a new procurement which resolves the identified OCI.

2. That in any event Axiom be awarded its reasonable costs and attorneys' fees, and such further relief as is determined just and fair.

Respectfully submitted,

Date: 7/17/08

By: ______________________

James S. DelSordo, Esq.
Argus Legal, LLC
9255 Center St.
Suite 307
Manassas, VA 20110
(703) 368-8770
fax (703) 368-8772

Counsel for Plaintiff Axiom Resource Management, Inc.